943 So.2d 865 (2006)
Byron WALLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-244.
District Court of Appeal of Florida, Third District.
November 15, 2006.
Rehearing Denied January 5, 2007.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before FLETCHER, SUAREZ, and LAGOA, JJ.
SUAREZ, J.
Byron Waller, (the "defendant") appeals his conviction and sentence for aggravated battery. We affirm.
The defendant contends that he should receive a new trial because the trial court improperly admitted evidence that he threatened witnesses prior to trial. The State asserts that the evidence was admissible and no error occurred.
The defendant was tried for aggravated battery for beating and kicking the victim. The State filed a notice of intent to rely on Williams Rule[1] evidence that the defendant had intimidated or threatened witnesses. At trial, two witnesses testified that the defendant threatened them several weeks after the beating occurred. The defendant approached them, tapped one witness on the shoulder, said that he had heard that they would be testifying, and said "you better watch yourself."
*866 As a general matter, "a defendant's attempt to intimidate a state witness is relevant and admissible." Heath v. State, 648 So.2d 660, 664 (Fla.1994). The Florida Supreme Court has repeatedly held that "[e]vidence that a suspected person in any manner endeavors to evade a threatened prosecution by any ex post facto indication of a desire to evade prosecution is admissible against the accused where the relevance of such evidence is based on consciousness of guilt inferred from such actions." Heath, 648 So.2d at 664. A trial court has broad discretion to determine the relevance of evidence, and such a determination is reviewed for an abuse of discretion. Heath, 648 So.2d at 664.
The trial court did not abuse its discretion by admitting evidence that the defendant threatened witnesses. The threat is relevant to the defendant's desire to evade prosecution and his consciousness of guilt. It was properly admitted. See England v. State, 940 So.2d 389 (Fla.2006) (holding that defendant's statement that he would kill an individual if he got him into trouble was admissible because it showed the defendant's desire to evade prosecution); Heath v. State, 648 So.2d at 664 (evidence admissible regarding defendant's plan to escape and kill two witnesses because they were the only people who could tie him to a murder).
Affirmed.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).